B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of New York | **Voluntary Petition** |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**The Reader's Digest Association, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if more than one, state all): **13-1726769** | Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>**1 Reader's Digest Road**<br>**Pleasantville, NY**<br>ZIP CODE: **10570** | Street Address of Joint Debtor (No and Street, City, and State):<br>ZIP CODE: |
| County of Residence or the Principal Place of Business: **Westchester** | County of Residence or the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE: | |

**Type of Debtor**
(Form of Organization)
(Check **one** box)

- [ ] Individual (Includes Joint Debtors)
  *See Exhibit D. on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business.
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  Media and Marketing

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer primarily debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is a not small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Liabilities

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **The Reader's Digest Association, Inc.** ||
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: Southern District of New York | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> **X**_____ <br> Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

| B 1 Official Form 1 (1/08) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> The Reader's Digest Association, Inc. |

| Signatures ||
|---|---|
| **Signature(s) of Debtors(s) (Individual/Joint)** <br><br> I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am ware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Debtor <br> X _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (if not represented by attorney) <br><br> _____ <br> Date | **Signature of a Foreign Representative** <br><br> I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |
| **Signature of Attorney** <br><br> X /s/ Paul M. Basta <br> Signature of Attorney for Debtor(s) <br><br> Paul M. Basta <br> Printed Name of Attorney for Debtor(s) <br><br> Kirkland & Ellis LLP <br> Firm Name <br><br> Address <br> 601 Lexington Avenue <br><br> New York, NY 10022-4611 <br><br> (212) 446-4800 <br> Telephone Number <br><br> 8/24/2009 <br> Date | **Signature of Non-Attorney Petition Preparer** <br><br> I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> _____ <br><br> _____ <br> Date |
| **Signature of Debtor (Corporation/Partnership)** <br><br> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _(signature)_ <br> Signature of Authorized Individual <br><br> Thomas A. Williams <br> Printed Name of Authorized Individual <br><br> Chief Financial Officer and Senior Vice President <br> Title of Authorized Individual <br><br> 8/24/2009 <br> Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above. <br><br> Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Schedule 1**
Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On August 24, 2009 each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Bankruptcy Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of The Reader's Digest Association, Inc.

- Alex Inc.
- Allrecipes.com, Inc.
- Ardee Music Publishing, Inc.
- Christmas Angel Productions, Inc.
- CompassLearning, Inc.
- Direct Entertainment Media Group, Inc.
- Direct Holdings Americas Inc.
- Direct Holdings Custom Publishing Inc.
- Direct Holdings Customer Service, Inc.
- Direct Holdings Education Inc.
- Direct Holdings Libraries Inc.
- Direct Holdings U.S. Corp.
- Funk & Wagnalls Yearbook Corp.
- Gareth Stevens, Inc.
- Home Service Publications, Inc.
- Pegasus Asia Investments Inc.
- Pegasus Investment, Inc.
- Pegasus Sales, Inc.
- Pleasantville Music Publishing, Inc.
- R.D. Manufacturing Corporation
- RD Large Edition, Inc.
- RD Publications, Inc.
- RD Walking, Inc.
- RDA Holding Co.
- RDA Sub Co.
- Reader's Digest Children's Publishing, Inc.
- Reader's Digest Consumer Services, Inc.
- Reader's Digest Entertainment, Inc.
- Reader's Digest Financial Services, Inc.
- Reader's Digest Latinoamerica, S.A.
- Reader's Digest Sales and Services, Inc.
- Reader's Digest Sub Nine, Inc.
- Reader's Digest Young Families, Inc.
- Reiman Manufacturing, LLC
- Reiman Media Group, Inc.
- Retirement Living Publishing Company, Inc.
- Saguaro Road Records, Inc.
- Taste of Home Media Group, Inc.
- Taste of Home Productions, Inc.
- The Reader's Digest Association, Inc.
- Travel Publications, Inc.
- W.A. Publications, LLC
- WAPLA, LLC
- Weekly Reader Corporation
- Weekly Reader Custom Publishing, Inc.
- World Almanac Education Group, Inc.
- World Wide Country Tours, Inc.
- WRC Media, Inc.

# THE READER'S DIGEST ASSOCIATION, INC.

## SECRETARY'S CERTIFICATE

August 23, 2009

    The undersigned hereby certifies that she is the Secretary of The Reader's Digest Association, Inc., a Delaware corporation (the "Company") and further certifies that attached hereto as **Exhibit A** is a true, complete and correct copy of resolutions adopted by the board of directors of the Company (the "Board"), adopted at a meeting of the Board on August 23, 2009. Such resolutions were duly and validly adopted by the Board in accordance with the Bylaws of the Company and the laws of the State of Delaware. All such resolutions are in full force and effect on the date hereof in the form in which adopted without amendment, modification or revocation.

*******

IN WITNESS WHEREOF, the undersigned has caused this certificate as of the date first set forth above.

                                          THE READER'S DIGEST ASSOCIATION, INC.

By: *(signature)*
Name: Andrea R. Newborn
Title: Secretary

# EXHIBIT A

See attached.

# RESOLUTIONS OF
# SPECIAL MEETING OF THE BOARD OF DIRECTORS
# OF
# THE READER'S DIGEST ASSOCIATION, INC.

## August 23, 2009

### *Minutes of the Board of Directors*

**RESOLVED**, that the minutes of the meeting of the Board of Directors held on August 16, 2009 as presented to and reviewed by the Board of Directors be, and hereby are in all respects, approved.

**RESOLVED**, that the minutes of the meeting of the Board of Directors held on August 21, 2009 as presented to and reviewed by the Board of Directors be, and hereby are in all respects, approved.

### *Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code*

**WHEREAS**, the Board of Directors of the Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board of Directors desires to approve the following resolutions; and

**NOW THEREFORE, IT IS HEREBY RESOLVED**, that the Board of Directors has determined that it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (a "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it further

**RESOLVED**, that the that the following officers of the Company (each a "*Designated Officer*"):

- Chief Executive Officer;
- Senior Vice President and Chief Financial Officer;
- General Counsel;

- Controller;
- Treasurer;
- Secretary; and
- Assistant Secretary

in each case acting singly or jointly, be, and they hereby are, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary, appropriate, desirable or proper in connection with a Chapter 11 Case, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the law firm of Kirkland & Ellis LLP, as general restructuring counsel, to represent and assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP, as conflicts counsel, and any other conflicts counsel, if required, to represent and assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Curtis, Mallet-Prevost, Colt & Mosle LLP and any other conflicts counsel, if required; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of Ernst & Young LLP, as independent auditor, to represent and assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of Miller Buckfire & Co., LLC, as financial advisor and investment banker, to represent and assist the Company in the Chapter 11 Case and in carrying

out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Miller Buckfire & Co., LLC; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of AlixPartners, LLC, as restructuring consultant, to represent and assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of AlixPartners, LLC; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage the firm of Kurtzman Carson Consultants, LLC, as notice and claims agent, to represent and assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants, LLC; and be it further

**RESOLVED**, that the Company is hereby authorized and directed to engage any other professionals to assist the Company in the Chapter 11 Case and in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary in the opinion of such Designated Officers.

*Debtor in Possession Financing*

**WHEREAS**, in connection with the Chapter 11 Case certain existing lenders of the Company have agreed to provide a debtor-in-possession financing facility in accordance with the DIP commitment letter previously authorized by the Board of Directors and executed by the Company on August 17, 2009; and

**WHEREAS**, more than 50% of the aggregate number of existing lenders and lenders representing more than 66-2/3% of the aggregate amount loaned to the Company under its existing credit facility have now executed the Restructuring Support Agreement.

**NOW THEREFORE, BE IT RESOLVED**, that the Company will obtain benefits from the incurrence of the Borrowings (as defined in the DIP Loan Agreement) by the Loan Parties under the DIP Loan Agreement and the other DIP Loan Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and be it

**FURTHER RESOLVED**, that the form, terms and provisions of the Credit and Guarantee Agreement (the "***DIP Loan Agreement***" and, together with each other document, instrument or agreement executed by the Company and any other Loan Parties (defined below) in connection therewith, including, but not limited to, the Security Agreement (as defined in the DIP Loan Agreement), the "***DIP Loan Documents***"), substantially in the form presented to the Board, among the Company, as debtor and debtor in possession, RDA Holdings Co., a Delaware corporation, the subsidiaries of the Company that are signatories thereto (each a "***Guarantor***" and collectively, with the Company, the "***Loan Parties***"), each of which Loan Parties will be a debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code, JPMorgan Chase Bank, N.A., as Administrative Agent and Syndication Agent (the "***DIP Agent***") and each of the financial institutions from time to time party to the DIP Loan Agreement (together with DIP Agent, the "***DIP Lenders***"), which DIP Loan Documents (a) provide the Company with commitments of $150,000,000 on a senior secured super-priority priming lien basis, (b) require all of the Borrower's obligations therein to be guaranteed by the Guarantors, and (c) provide for the proceeds therefrom to be used for, among other things, working capital and for other general corporate purposes of the Loan Parties,) including post-petition operating expenses of administration of the Chapter 11 Cases, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and any Designated Officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto such Designated Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and be it

**RESOLVED**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Documents) and to undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***"); and be it further

**RESOLVED**, that the Designated Officers be, and each of them hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, agreements relating to the issuance and cash collateralization of letters of credit, as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "***Financing Documents***"); (b) such other instruments, certificates, notices, assignments

4

and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and be it further

    **RESOLVED**, that the Designated Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "***UCC***") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and be it further

    **RESOLVED**, that each of the Designated Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

    **RESOLVED**, that each of the Designated Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and be it further

*Further Actions and Prior Actions*

    **RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

    **RESOLVED**, that the Designated Officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company and under its corporate seal or otherwise, to prepare, execute and deliver and to file with

appropriate organizations, or to cause to be prepared, executed, delivered and filed, all such agreements, documents, certificates, instruments and other papers and to do or cause to be done all such acts and things, as may be deemed necessary, appropriate or desirable to effectuate the purpose and intent of the foregoing resolutions, including to make such changes to said documents as such individual may determine, upon the advice of counsel, to be necessary, appropriate or desirable, such Designated Officer's execution and delivery thereof to be conclusive evidence of such Designated Officer's approval, and any such action taken by such Designated Officer prior to the date hereof is hereby ratified, confirmed and approved; and be it further

**RESOLVED,** that any employee of the Company (each a "Designated Signatory") be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company and under its corporate seal or otherwise, to prepare, execute and deliver and to file with appropriate organizations, or to cause to be prepared, executed, delivered and filed, all such agreements, documents, certificates, instruments and other papers and to do or cause to be done all such acts and things, as may be deemed necessary, appropriate or desirable to effectuate the purpose and intent of the foregoing resolutions, including to make such changes to said documents as such individual may determine, upon the advice of counsel, to be necessary, appropriate or desirable, consistent with the Company's Delegation of Authority and Approvals Required Policy contained in the Company's Global Finance Manual, such Designated Signatory's execution and delivery thereof to be conclusive evidence of such Designated Signatory's approval, and any such action taken prior to the date hereof by such Designated Signatory is hereby ratified, confirmed and approved; and be it further

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors and that the Designated Officer did execute the same.