**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) Case No. 09-23529 (RDD) |
| Debtors. | ) Jointly Administered |

**INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "***Motion***")[1] of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of an interim order (the "***Interim Order***") authorizing, but not directing, the Debtors (a) to pay certain prepetition wages, salaries and other compensation, taxes, withholdings and reimbursable employee expenses, (b) to pay and honor

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

obligations relating to medical and other benefits programs, (c) to continue their employee benefits programs on a postpetition basis, (d) authorizing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing and (e) scheduling a final hearing (the "**Final Hearing**") to consider entry of the Final Order; and upon the Declaration of Thomas A. Williams, Chief Financial Officer and Senior Vice President of The Reader's Digest Association, Inc., in Support of First Day Pleadings (the "*Williams Declaration*"); and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion and granted herein is in the best interests of the Debtors' estates, their creditors and other parties in interest and provided a net benefit to the Debtors' estates after taking into account the Debtors' rights under the Bankruptcy Code; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court August 25, 2009 (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

    1.    The Motion is granted on an interim basis to the extent set forth herein.

2

K&E 15514362.

2. The Final Hearing shall be held on September 17, 2009 at 10:00 a.m. prevailing Eastern Time. Any objections or responses to the Motion shall be filed on or before September 14, 2009 at 4:00 p.m. and served on parties in interest as required by the Local Rules.

3. The Debtors are authorized on an interim basis, but not directed, to pay and honor all prepetition obligations associated with the Employee Obligations and to continue the Employee Obligations in the ordinary course of business to the extent requested in the Motion; *provided*, *however*, that the Debtors may not pay any (a) Employee more than $10,950 on account of Unpaid Compensation and accrued but unused Vacation Time; (b) Temporary Employee more than $10,950 on account of Temporary Employee Compensation or (c) Independent Contractor more than $10,950 on account of Independent Contractor Compensation.

4. For the avoidance of doubt, the Debtors are not authorized to pay and honor prepetition and postpetition amounts related to the Severance Program or make payments on programs related to (a) adoption assistance, (b) tax planning, (c) gym membership, (d) the flex net plan, (e) financial planning and (f) Hyatt premier legal plan prior to the Final Hearing and entry of a final order approving the same

5. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

6. The Debtors are authorized on an interim basis, but not directed, to continue to honor their obligations, including any prepetition obligations to Employees for Reimbursable Expenses, American Express Corporate Card Expenses, Expatriate Employee Expenses and Relocation Expenses in accordance with the Debtors' stated policies and prepetition practices.

K&E 15514362.

7. The Debtors are authorized on an interim basis, but not directed, to honor the Employee Benefit Programs, including, without limitation, the: (a) Health Care Plan; (b) Reader's Digest Medical and Dental Plans for Eligible Retirees, (c) Flexible Benefit Plan and Health Savings Accounts; (d) Workers' Compensation Program; (e) Vacation Time and Leaves of Absence; (f) Qualified Retirement Savings Plans; (g) Life, Disability and Accident Insurance; (h) short- and long-term disability benefits; (i) Employee Assistance Program; (j) auto and homeowners insurance plan; (k) qualified transportation benefits; and (l) company automobile allowances; and to make any necessary contributions to such programs and pay any unpaid premium, claim or amount owed as of the Petition Date with respect thereto.

8. Pursuant to Section 62(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business, and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the Automatic Stay pertains solely to claims under the Workers' Compensation Program.

9. The Debtors are authorized on an interim basis, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

10. To the extent any of the payments authorized to be made pursuant to this Interim Order are of the kinds described in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code, payments to any individual Employee shall not exceed the applicable caps set forth in such sections, pending entry of a final order approving the Motion.

11. Nothing herein shall be deemed to authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code.

12. In accordance with this Interim Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations is directed to honor checks presented for payment and all fund transfer requests made by the Debtors related to the Employee Obligations to the extent that sufficient funds are on deposit in such accounts.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Obligations authorized to be paid by this Interim Order.

14. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of Employee Obligations.

15. Nothing contained in the Motion or this Interim Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or any approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

17. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| New York, New York<br>Date: August 26, 2009 | /s/Robert D. Drain<br>United States Bankruptcy Judge |