UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | Case No. 09-23529 (RDD) |
| Debtors. | Jointly Administered |

**FINAL ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "***Motion***")[1] of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of a final order (the "***Final Order***") authorizing, but not directing, the Debtors (a) to pay certain prepetition wages, salaries and other compensation,

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

taxes, withholdings and reimbursable employee expenses, (b) to pay and honor obligations relating to medical and other benefits programs, (c) to continue their employee benefits programs on a postpetition basis and (d) authorizing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing; and upon the Declaration of Thomas A. Williams, Chief Financial Officer and Senior Vice President of The Reader's Digest Association, Inc., in Support of First Day Pleadings (the "**Williams Declaration**"); and the Court having entered an interim order approving the Motion on an interim basis on August 26, 2009 [Docket No. 31] (the "**Interim Order**"); and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

    1.    The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay and honor all prepetition obligations associated with the Employee Obligations and to continue the Employee Obligations in the ordinary course of business to the extent requested in the Motion.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to continue to honor their obligations, including any prepetition obligations to Employees for Reimbursable Expenses, American Express Corporate Card Expenses, Expatriate Employee Expenses and Relocation Expenses in accordance with the Debtors' stated policies and prepetition practices.

5. The Debtors are authorized, but not directed, to honor the Employee Benefit Programs, including, without limitation, the: (a) Health Care Plan; (b) Reader's Digest Medical and Dental Plans for Eligible Retirees; (c) Flexible Benefit Plan and Health Savings Accounts; (d) Workers' Compensation Program; (e) Vacation Time and Leaves of Absence; (f) Qualified Retirement Savings Plans; (g) Life, Disability and Accident Insurance; (h) short- and long-term disability benefits; (i) Employee Assistance Program; (j) tax planning; (k) auto and homeowners insurance plan; (l) qualified transportation benefits; (m) company automobile allowances; (n) gym membership; (o) the flex net plan; (p) financial planning; (q) Hyatt premier legal plan; and (r) the adoption assistance program; and to make any necessary contributions to such programs and pay any unpaid premium, claim or amount owed as of the Petition Date with respect thereto.

6. The Debtors will not pay any Employee in excess of $10,950 on account of accrued but unused Vacation Time.

7.  Pursuant to Section 362(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the Automatic Stay pertains solely to claims under the Workers' Compensation Program.

8.  The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

9.  The Debtors are authorized, but not directed, to maintain and honor, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, the Severance Program postpetition with respect to the Debtors' non-insiders in accordance with the Debtors' past practices subject to any limitations under section 503(c)(2) of the Bankruptcy Code.

10. The Debtors are authorized, but not directed, to pay all remaining unpaid severance obligations to former employees pursuant to the Severance Plan, *provided, however* that the Debtors may not make severance payments on account of prepetition unpaid severance obligations in excess of the $10,950 cap imposed by section 507(a)(4) of the Bankruptcy Code.

11. The Debtors are authorized, but not directed, to modify, change and discontinue any of the Employee Obligations, and the policies related thereto, and to implement new Employee Obligations in the ordinary course of business during the chapter 11 cases in their sole discretion without the need for further Court approval.

12. In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations is directed to honor checks presented for payment and all fund transfer requests made by the Debtors related to the Employee Obligations to the extent that sufficient funds are on deposit in such accounts.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Obligations authorized to by paid by this Final Order.

14. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of Employee Obligations.

15. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors.

16. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contests of the Motion.

17. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

New York, New York  /s/Robert D. Drain
Date: September 17, 2009  United States Bankruptcy Judge