James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) | Case No. 09-23529 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF PRESENTMENT OF DEBTORS' MOTION
## FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING
## PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER FOR
## FILING PROOFS OF CLAIM AND (III) APPROVING NOTICE THEREOF

**PLEASE TAKE NOTICE** that upon the attached motion (the "***Motion***") of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[1] the undersigned will present the attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc.

K&E 15534015.6

order (the "*Order*") to the Honorable Robert D. Drain, United States Bankruptcy Judge for signature on or before **12:00 noon prevailing Eastern Time on October 5, 2009**.[2]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Bankruptcy Rules*"), written objections, if any, to the proposed Order, together with proof of service, must be filed with the Bankruptcy Court for the Southern District of New York (the "*Court*") electronically in accordance with General Order M-242, and a courtesy copy must be delivered to the chambers of the Honorable Robert D. Drain on or before **4:00 p.m. prevailing Eastern Time on October 2, 2009** (the "*Objection Deadline*").

**PLEASE TAKE FURTHER NOTICE** that written objections to the proposed Order, together with proof of service, must also be served so as to be *actually received* on or before the Objection Deadline by the following parties (collectively, the "*Notice Parties*"): (i) counsel to the Debtors: Kirkland & Ellis LLP, Attn: Paul M. Basta and Nicole L. Greenblatt, 601 Lexington Avenue, New York, New York 10022; (ii) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea B. Schwartz, 33 Whitehall Street, 21st Floor, New York, New York 10004; (iii) proposed counsel to the official committee of unsecured creditors: Otterbourg, Steindler, Houston & Rosen, P.C., Attn: Scott L. Hazan and David M. Posner, 230 Park Avenue, New York, New York 10169; (iv) counsel to the agent for the Debtors' prepetition and postpetition secured lenders: Simpson Thatcher & Bartlett LLP, Attn: Sandeep Qusba, 425 Lexington Ave New York, New York 10017-3954; and (v) counsel to the indenture trustee for the Debtors' senior subordinated notes: Dechert LLP, Attn: Glenn E. Siegel, 1095 Avenue of the Americas, New York, New York 10036-6797.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the proposed Order is filed with the Court and served upon the Notice Parties, each as set forth herein, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served in accordance with this notice, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.

---

(9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated:  September 21, 2009
       New York, New York

/s/ *Nicole L. Greenblatt*

James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to the Debtors
and Debtors in Possession

3

James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) ) ) | Case No. 09-23529 (RDD) |
| Debtors. | ) ) ) | Jointly Administered |

---

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR
DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROCEDURES
FOR FILING PROOFS OF CLAIM AND (III) APPROVING NOTICE THEREOF**

---

The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "***Debtors***"),[1] file this motion (the "***Motion***")

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas
Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306);
Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings
Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299);
Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742);
Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc.
(4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing
Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509);
RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's
Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial
Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc.
(2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman
Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc.

for entry of an order (the "***Bar Date Order***"), substantially in the form attached hereto as

**Exhibit A**, (i) setting bar dates for creditors to file proofs of claims in these chapter 11 cases,

(ii) approving procedures for filing proofs of claim and (iii) approving the form of notice of the

bar dates and manner of service thereof.[2]  In support of this Motion, the Debtors respectfully

state as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court under 28 U.S.C. § 1408.

3.      The statutory bases for the relief requested herein are sections 105(a), 501,

502(b)(9) and 503(b)(9) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules

2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rules

2002-1 and 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"***Local Bankruptcy Rules***") and General Order M-350 of the Bankruptcy Court.

## Introduction

4.      The Debtors and their non-debtor affiliates (collectively, the "***Company***") are a

global multi-brand media and direct marketing company that markets books, magazines, home

entertainment products, online networking websites and educational products.  With its global

---

(9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is:  1 Reader's Digest Road, Pleasantville, NY 10570.

[2]  Except as otherwise defined herein, all terms shall have the meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:   (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

K&E 15534015.6

headquarters located in Pleasantville, New York, the Company has over 3,000 employees worldwide, including approximately 1,500 in the United States, and achieves annual sales of approximately $2.2 billion.

5.     Despite their leading industry position, the Debtors have not been immune to the global financial crisis.  The current recession has resulted in reductions in the Debtors' advertising, retail and subscription revenues, placing pressure on the Debtors' financial performance.  Withdrawal of certain international lines of credit and heightened pressures from trade creditors have also weakened the Debtors' liquidity position.  In short, as the economy continues to deteriorate in several of the Debtors' markets, the Debtors are struggling to maintain working capital sufficient to conduct operations while facing progressively unsustainable debt service obligations under a highly-leveraged capital structure.

6.     To ensure they maintain competitive operations, the Debtors engaged in extensive arm's-length, good faith negotiations with their prepetition secured lenders regarding a comprehensive debt restructuring.  After weeks of discussions, the Debtors commenced these chapter 11 cases with a pre-arranged restructuring plan that will reduce the Debtors' total funded debt by approximately 75%, provide the Debtors with adequate exit financing and, due to the compromises reached and concessions made by all parties, will afford substantial recoveries to the Debtors' valued suppliers that continue to do business with the reorganized company and otherwise distribute value to the Debtors' creditors on a fair and equitable basis.

7.     To evidence their support of the restructuring, prepetition secured lenders holding more than 80% of the Debtors' bank debt executed a restructuring support agreement that attaches a term sheet setting forth the terms of a chapter 11 plan supported by these parties (the

"**RSA**"). The Debtors intend to file shortly a proposed chapter 11 plan consistent with the terms contained in the plan term sheet.

8.　　On August 24, 2009 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On August 31, 2009, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**").

## Relief Requested

9.　　By this Motion, the Debtors seek entry of the Bar Date Order: (i) setting bar dates for creditors to file proofs of claims in these chapter 11 cases; (ii) approving the procedures described herein for filing proofs of claim in these chapter 11 cases, including the form of the proof of claim attached as Exhibit B hereto; and (iii) approving the form and manner of service of the bar date notice attached as Exhibit C hereto (the "**Bar Date Notice**").

10.　　As a preliminary matter, the Motion and the Bar Date Order (including exhibits thereto) comply with the requirements of the *Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York* (the "**Guidelines**"), as adopted by the Court pursuant to General Order M-350, which provides, among other things, that an application for entry of a bar date order and accompanying papers may be submitted by notice of presentment so long as the Guidelines are followed. *See* Guidelines, at ¶ 2. The Debtors recognize that the Guidelines contemplate that applications for

7

entry of a bar order are ordinarily to be filed within 30 days after the later of (i) the initial case conference and (ii) the filing of the debtor's schedules and statements of financial affairs. The Debtors intend to file their Schedules (defined herein) on or before September 25, 2009 (and in any event, prior to the proposed presentment date of the Bar Date Order).[3]

11.     Given the sheer number of creditors in these chapter 11 cases and the Debtors' intention to emerge from bankruptcy expeditiously and pursuant to the milestones set forth in the RSA, the Debtors must begin the claims reconciliation process as soon as practicable. Accordingly, the Debtors respectfully submit that entry of the Bar Date Order at this time is appropriate and necessary under the circumstances of these chapter 11 cases.

### I.     Proposed Bar Dates

12.     Except as otherwise set forth herein, the Debtors seek to establish **5:00 p.m. prevailing Pacific Time on November 16, 2009**, as the deadline by which all persons and entities must file and serve proofs of claim asserting claims that arose on or prior to the Commencement Date, <u>including</u> claims asserted under section 503(b)(9) of the Bankruptcy Code against the Debtors in these chapter 11 cases (the "***Claims Bar Date***"). In accordance with the Guidelines, the Claims Bar Date is at least 35 days after the mailing date of the Bar Date Notice and at least 25 days after the publication date of the Bar Date Notice.

13.     The Debtors seek to establish **5:00 p.m. prevailing Pacific Time on February 20, 2010**, as the deadline by which all governmental units must file and serve proofs of claim asserting claims that arose on or prior to the Commencement Date against any of the Debtors in

---

[3]     On August 26, 2009, the Court entered an order [Docket No. 32] authorizing an extension of time for the Debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "***Schedules***") through October 8, 2009.

these chapter 11 cases (the "***Government Bar Date***").  Pursuant to section 502(b)(9) of the Bankruptcy Code, the Governmental Bar Date is 180 days from the Commencement Date.

14.     The Debtors seek authority to establish supplemental bar dates (any such date, a "***Supplemental Bar Date***") without further order of the Court to the extent the Debtors amend or supplement their Schedules to provide adequate notice and opportunity to file a proof of claim to parties holding claims affected thereby.  In such instances, the Debtors will provide such parties with notice, in a form substantially similar to the Bar Date Notice, that will clearly set forth the Supplemental Bar Date by which such parties must file a proof of claim (which shall afford parties 30 days from the notice date to file proofs of claim consistent with the Guidelines).

15.     Lastly, the Debtors seek to require any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease to file a proof of claim based on such rejection on or before the later of (a) the Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of the order (the "***Rejection Bar Date***").

## II.     Proposed Procedures for Filing Proofs of Claim

### A.     Parties Required to File a Proof of Claim

16.     In accordance with the Guidelines and Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity **not** listed below that holds a claim against any Debtor in these chapter 11 cases be required to file a proof of claim to assert such claim in accordance with the Bar Date Order.  Subject to Court approval of the Bar Date Order, the Debtors propose that the following persons or entities do **not** need to file a proof of claim in these chapter 11 cases:

>       a.      any holder of a claim previously allowed by order of the Court;
>
>       b.      any holder of a claim that has already been paid in full;

c.      any holder of a claim for which a specific deadline has previously been fixed by the Court or otherwise fixed pursuant to this Bar Date Order;

d.      any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Reader's Digest having a claim against any of the Debtors;

e.      any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, **except** any holder of a 503(b)(9) Claim, which claim must be asserted by filing a proof of claim on or prior to the Claims Bar Date;

f.      any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; _provided_, _however_, that that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

g.      any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; _provided_, _however_, that a current employee must submit a proof of claim by the Claims Bar Date for all other claims arising before the Commencement Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation and claims covered by the Debtors' workers' compensation insurance;

h.      any current officer, director or employee need not file a proof of claim for claims based on indemnification, contribution or reimbursement;

i.      any customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a customer program or obligation; _provided_, _however_, that a customer must submit a proof of claim by the Claims Bar Date if its claim relates to damages arising from, without limitation, claims for breach of contract, breach of warranty or misrepresentation or any other litigation-related claim;

j.      any holder of a claim against any of the Debtors' non-debtor affiliates; and

k.      any individual holder of a claim for principal, interest and applicable fees and charges on the Debtors' senior subordinated notes or other bond, note or debenture of the Debtors; _provided_, _however_, that any individual holder is required to file a proof of claim for damages in connection with respect to its ownership, purchase or sale of the applicable instrument; _provided_, _further_, that the indenture trustee for the Debtors' senior subordinated notes is required to file a proof of claim.

K&E 15534015.6

## B. The Proof of Claim Form

17.     The Debtors seek approval of the form of the proof of claim attached as <u>Exhibit B</u> hereto, which, although based upon Official Form 10, has been modified to allow creditors to assert 503(b)(9) Claims.[4]  In accordance with the Guidelines, with the assistance of their notice and claims agent, Kurtzman Carson Consultants LLC (the "***Voting and Claims Agent***"), the Debtors propose to provide each of the creditors listed on the Schedules with a "personalized" proof of claim that will include, without limitation: (i) the identity of the Debtor against which the person or entity's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is listed as contingent, unliquidated or disputed; and (iv) whether the claim is listed as secured, unsecured priority or unsecured non-priority.  Creditors will then have an opportunity to inspect the proof of claim and correct missing, incorrect or incomplete information before returning it to the Voting and Claims Agent.

## C. Requirements for Preparing and Filing Proofs of Claim

18.     In accordance with the Guidelines, the Debtors request that the Court require all proofs of claim filed in these chapter 11 cases be consistent with the following:

   a.     Each proof of claim must:  (i) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile and telecopy will not be accepted; (ii) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in U.S. currency.

   b.     In addition to the requirements in (a) above, any proof of claim asserting a 503(b)(9) Claim must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Commencement Date, (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted and (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable).

---

[4]     Nothing herein is intended to prohibit creditors from submitting proofs of claim on Official Form 10.

K&E 15534015.6

c.   Parties who wish to receive proof of receipt of their proofs of claim from the Voting and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

d.   Each proof of claim must specify by name and case number the Debtor against which the claim is filed.  A proof of claim filed under Case No. 09-23529 or that does not identify a Debtor will be deemed as filed only against The Reader's Digest Association, Inc.

e.   If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

f.   Each proof of claim must be filed, including supporting documentation, by U.S. mail or other hand delivery system, so as to be **actually received** on or before the applicable bar date in accordance with the Bar Date Order by the Voting and Claims Agent at this address:

> Reader's Digest Claim Processing
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

**D.   Consequences of Failing to Timely File a Proof of Claim**

19.   In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, the Debtors propose that any holder of a claim that is not excepted from the requirements of the Bar Date Order that fails to timely file a proof of claim in the appropriate form be barred from (i) asserting such claim against the Debtors and their chapter 11 estates, (ii) voting on any chapter 11 plan of reorganization filed in these cases on account of such claim and (iii) participating in any distribution in these chapter 11 cases on account of such claim.

K&E 15534015.6

**III.** **The Bar Date Notice**

    **A.** **Form of the Bar Date Notice**

20.    In accordance the Guidelines, the Bar Date Notice is substantially similar to the form notice annexed thereto. Among other things, the proposed Bar Date Notice (i) identifies the Claims Bar Date and other bar dates set forth herein, (ii) includes detailed procedures for filing and serving a timely and accurate proof of claim, (iii) lists the parties not required to file a proof of claim, (iv) describes the consequences of failing to file a proof of claim in accordance with the Bar Date Order and Guidelines and (v) provides creditors with the name and telephone number of the Voting and Claims Agent where questions may be addressed and from whom additional information may be obtained.

    **B.** **Manner of Service of the Bar Date Notice**

21.    With the assistance of the Voting and Claims Agent, within seven (**7**) days from the date the Bar Date Order is entered by the Court, the Debtors will cause the Voting and Claims Agent to serve the Bar Date Notice and personalized proof of claim form upon:

        a.    the U.S. Trustee;

        b.    proposed counsel to the Committee;

        c.    any persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

        d.    all persons or entities that have filed proofs of claim against the Debtors;

        e.    all creditors and other known holders of potential claims against the Debtors, including all persons or entities listed in the Schedules;

        f.    all parties to executory contracts and unexpired leases of the Debtors;

        g.    counsel to the agent for the Debtors' prepetition and postpetition lenders;

        h.    counsel to the indenture trustee for the Debtors' senior subordinated notes;

        i.    the United States Attorney for the Southern District of New York;

j.     the Internal Revenue Service for the district in which the Debtors' cases are pending, the Securities and Exchange Commission and any other governmental units applicable to the Debtors' businesses;

k.     state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

l.     the Pension Benefit Guaranty Corporation.

22.     The Debtors also intend to provide notice of the bar dates by publication to help ensure that all potential claimants receive adequate notice of the Claims Bar Date. Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication, in the national editions of *U.S.A. Today* and *The Wall Street Journal* on one occasion at least 25 days before the Claims Bar Date in accordance with Bankruptcy Rules 2002 and the Guidelines.

23.     After the initial mailing of the Bar Date Notice and through and until 10 days in advance of the Claims Bar Date, the Debtors may need to serve supplemental or additional Bar Date Notices where necessary to provide certain parties with adequate notice and opportunity to file proofs of claim in these chapter 11 cases. Such situations include, for example, if a Bar Date Notice is returned by the post office with a forwarding address, a representative party declines to pass along the Bar Date Notice and instead returns the same to the Debtors or additional claimants are subsequently identified. Under such circumstances, the Debtors request that the Court deem such supplemental or additional service timely and the Claims Bar Date applicable to recipients thereof.

**Basis for Relief**

**I.**     **The Proposed Bar Dates Comply With the Guidelines and Should be Approved.**

24.     Generally speaking, claimants must file a proof of claim to assert a claim in a bankruptcy proceeding. *See* 11 U.S.C. § 501(a). Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court

shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Claims bar dates are integral to the twin goals of chapter 11—preserving going-concerns and maximizing creditor recovery value. *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986). Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate could delay or derail the development of a sound chapter 11 plan and the reorganization process generally to the detriment of creditors and parties in interest. *Id.* ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion.").

25. Recognizing the importance of setting deadlines for filing claims against a debtor, courts in this jurisdiction routinely approve relief similar to the relief requested in this Motion. *See, e.g.*, *In re Lear Corp.*, Case No. 09-14326 (Bankr. S.D.N.Y. Aug. 21, 2009); *In re Chemtura Corp.*, Case No. 09-11233 (Bankr. S.D.N.Y. Aug. 21, 2009); *In re Tronox Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. May 28, 2009); *In re Lyondell Chemical Co.*, Case No. 09-10023 (Bankr. S.D.N.Y. Apr. 16, 2009); *In re Ziff Davis Media, Inc.*, Case No. 08-10768 (Bankr. S.D.N.Y. April 22, 2008); *In re Wellman Inc.*, Case No. 08-10595 (Bankr. S.D.N.Y. Oct. 20, 2008); *In re Dana Corp.*, Case No. 06-10354 (Bankr. S.D.N.Y. July 19, 2006); *In re Northwest Airlines Corp.*, Case No. 05-17930 (Bankr. S.D.N.Y. May 19, 2006).

26. To ensure the Debtors are able to confirm and consummate a comprehensive, viable plan of reorganization and emerge from chapter 11 in a timely manner consistent with the terms of the RSA, the Debtors will require complete and accurate information regarding the nature, validity, amount and status of all claims that will be asserted against their estates in these chapter 11 cases. Because the Debtors anticipate that there may be as many as 48,000 potential claimants in the chapter 11 cases—thereby increasing the likelihood of a time-consuming claims reconciliation process—it is imperative the Debtors begin the claims analysis and reconciliation

process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources. Fixing the Claims Bar Date as proposed herein will help the Debtors accomplish the foregoing objectives.

27.     In addition, requiring holders of 503(b)(9) Claims to assert such claims using the proof of claim attached hereto on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity and amount of such 503(b)(9) Claims while affording parties asserting 503(b)(9) Claims appropriate and adequate notice. Moreover, this approach facilitates a more cost-effective, efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' unsecured creditors.[5]

28.     Although the Guidelines include holders of claims allowable under section 503 of the Bankruptcy Code in the parties not required to file a proof of claim listed therein, the Guidelines also provide that "there will of course be variations in specific situations and the list is not intended to be exhaustive." *See* Guidelines, at ¶ 8. The Debtors submit that requiring parties to assert 503(b)(9) Claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances present here. Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re Lear Corp.*, Case No. 09-14326 (Bankr. S.D.N.Y. Aug. 21, 2009); *In re Chemtura Corp.*, Case No. 09-11233 (Bankr. S.D.N.Y. Aug. 21, 2009); *In re Star Tribune Holdings Corp.*, Case No. 09-10244 (Bankr. S.D.N.Y. April 14, 2009); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-

---

[5]     **For the avoidance of doubt**, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

K&E 15534015.6

11298 (Bankr. S.D.N.Y. Sept. 24, 2008); *In re Dana Corp*., Case No. 06-10354 (Bankr. S.D.N.Y. July 19, 2006).

29.     Moreover, the other bar dates proposed herein comply with the Guidelines and the applicable provisions of the Bankruptcy Code, are appropriate and should, thus, be approved. First, the Governmental Bar Date is 180 days after the Commencement Date in accordance with section 502(b)(9) of the Bankruptcy Code.  Second, the Rejection Bar Date and Supplemental Bar Dates are necessary to provide the Debtors with flexibility to handle situations in which a creditor's claim status may change during the chapter 11 cases (such as in the event of contract rejections) or to ensure creditors receive proper notice and opportunity to assert claims.

30.     The Debtors respectfully submit that the bar dates proposed herein comply with the Guidelines and relevant provisions of the Bankruptcy Rules and Bankruptcy Code and are necessary to ensure the success of these chapter 11 cases.  Accordingly, the Debtors request the Court establish the bar dates consistent with the dates set forth herein.

## II.     The Proposed Procedures for Filing Proofs of Claim Should be Approved.

31.     The Debtors have worked to design procedures that (a) provide creditors with ample notice and opportunity to file proofs of claim <u>and</u> a clear process for effecting the same and (b) achieve administrative and judicial efficiency.  Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

32.     Among other things, the proposed procedures provide clear instructions for filing proofs of claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim, which in either event, would result in unnecessary expense and delay in the claims reconciliation process

17

for all parties affected thereby. For example, the proposed use of a personalized proof of claim form for all known creditors is designed to streamline the claims analysis and reconciliation process and provide useful information to creditors as to whether and how their claims are reflected in the Schedules, and, therefore, is consistent with the Guidelines. Indeed, the Debtors believe that the use of the personalized proof of claim will help mitigate creditors' confusion and result in a claims reconciliation process that is less burdensome, costly and time-consuming for the Debtors, which inures to the benefit of these bankruptcy estates.

33. The Debtors believe that the claims filing procedures will facilitate the claims process by establishing guidelines for noticing and publishing the bar dates and providing claimants with clear instructions regarding the procedures and other requirements for filing a proof of claim. Accordingly, the Debtors submit that these procedures should be approved.

**III.    The Proposed Form and Manner of the Bar Date Notice Should be Approved.**

   **A.    The Form Bar Date Notice Satisfies the Requirements of the Guidelines.**

34. The Bar Date Notice substantially conforms to the form notice annexed to the Guidelines, varying only to the extent appropriate and necessary given the size, complexity and circumstances of these chapter 11 cases. Moreover, the publication version of the Bar Date Notice will be substantially similar to the attached Bar Date Notice and will only omit provisions that are not applicable or absolutely necessary (such as the official definition of "claim") to reduce publication costs. *See* Guidelines, at ¶ 5.

   **B.    The Proposed Notice and Service Satisfies Due Process Requirements.**

35. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 20 days notice by mail of the time fixed for filing proofs of claim pursuant to Rule 3003(c). In addition, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy

Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

36.     To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to knowledge of the debtor in the ordinary course of business.  *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

37.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  *See, e.g., In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor"); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").

38.     Where a creditor is unknown to the debtor, due process requires only that the debtor must take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for filing proofs of claim.  *See, e.g., In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (if a creditor is unknown constructive notice is generally sufficient);

*DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is "unknown" to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements"); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same). Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353 (Bankr. S.D.N.Y. 1992) (impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

39. To provide creditors reasonably known to the Debtors with actual notice of the Claims Bar Date and other bar dates proposed herein, the Debtors propose to serve the Bar Date Notice within seven (7) days after the Bar Date Order is entered by the Court upon all creditors identified during a thorough review of the Debtors' books and records. As such, the Debtors will be providing actual notice to creditors reasonably known to them with no less than 35 days' notice of the Claims Bar Date in satisfaction of the Guidelines and Bankruptcy Rule 2002(a)(7).

40. To provide creditors unknown to the Debtors with constructive notice of the Claims Bar Date and other bar dates proposed herein, the Debtors propose to publish the Bar Date Notice, modified as necessary (but consistent with the requirements of the Guidelines), in the national editions of *U.S.A. Today* and *The Wall Street Journal* on one occasion no later than 25 days prior to the Claims Bar Date. As such, the Debtors will be providing unknown creditors with 25 days' constructive notice of the Claims Bar Date in satisfaction of the Guidelines and Bankruptcy Rule 2002(a)(7).

41. In light of the foregoing, service and publication of the Bar Date Notice as proposed herein is reasonably designed to reach all interested parties in a cost effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy

Rules, Local Bankruptcy Rules and the Guidelines. Accordingly, the Debtors respectfully request that the Court deem the proposed form of Bar Date Notice and mailing and publication thereof good, adequate and sufficient notice of the bar dates set forth herein.

## Motion Practice

42. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Notice

43. The Debtors have provided notice of this Motion by electronic mail, facsimile and/or by overnight mail to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the agent for the Debtors' prepetition and postpetition secured lenders; (d) counsel to the indenture trustee for the Debtors' senior subordinated notes; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Debtors respectfully submit that further notice of this Motion is neither required nor necessary.

K&E 15534015.6

## No Prior Request

44.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and grant such other and further relief as is just and proper.

Dated:  September 21, 2009
      New York, New York

*/s/ Nicole L. Greenblatt*

James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Counsel to the Debtors
and Debtors in Possession

K&E 15534015.6

**<u>Exhibit A</u>**

**Proposed Bar Date Order**

K&E 15534015.6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) | Case No. 09-23529 (RDD) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR FILING PROOFS OF CLAIM AND (III) APPROVING NOTICE THEREOF

Upon the motion (the "***Motion***")[1] of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of an order (this "***Bar Date Order***") (i) setting bar dates for creditors to file proofs of claims in these chapter 11 cases, (ii) approving procedures for filing proofs of claim and (iii) approving the form of notice of the bar dates and manner of service thereof; and the Court

---

[1]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

1

having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Except as otherwise provided herein, all persons and entities, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose on or prior to August 24, 2009 (the "*Commencement Date*"), including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "*503(b)(9) Claim*"), shall file a written proof of such claim so that it is *actually received* on or before **5:00 p.m. prevailing Pacific Time on November 16, 2009** (the "*Claims Bar Date*") by Kurtzman Carson Consultants LLC (the "*Voting and Claims Agent*") in accordance with this Bar Date Order.

3.      Notwithstanding any other provision of this Bar Date Order, proofs of claim filed by governmental units must be filed so as to be *actually received* by the Voting and Claims

Agent before **5:00 p.m. prevailing Pacific Time on February 20, 2010** (the "*Government Bar Date*") in accordance with this Bar Date Order.

4.     The following procedures for the filing of proofs of claim asserting claims against the Debtors in these chapter 11 cases shall apply:

a.     Each proof of claim must:  (i) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile and telecopy will not be accepted; (ii) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in U.S. currency.

b.     In addition to the requirements in (a) above, any proof of claim asserting a 503(b)(9) Claim must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Commencement Date, (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted and (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.     Parties who wish to receive proof of receipt of their proofs of claim from the Voting and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

d.     Each proof of claim must specify by name and case number the Debtor against which the claim is filed.  A proof of claim filed under Case No. 09-23529 or that does not identify a Debtor will be deemed as filed only against The Reader's Digest Association, Inc.

e.     If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

f.     Each proof of claim must be filed, including supporting documentation, by U.S. mail or other hand delivery system, so as to be *actually* *received* on or before the applicable bar date in accordance with the Bar Date Order by the Voting and Claims Agent at the following address:

| Reader's Digest Claim Processing |
|:---:|
| c/o Kurtzman Carson Consultants LLC |
| 2335 Alaska Avenue |
| El Segundo, California 90245 |

3

PROOFS OF CLAIM FILED BY FACSIMILE OR ELECTRONIC MAIL
WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY.

5.     The following persons or entities need **not** file a proof of claim in these chapter

11 cases on or prior to the Claims Bar Date:

a.     any holder of a claim previously allowed by order of the Court;

b.     any holder of a claim that has already been paid in full;

c.     any holder of a claim for which a specific deadline has previously been
fixed by the Court or otherwise fixed pursuant to this Bar Date Order;

d.     any Debtor having a claim against another Debtor or any of the non-debtor
subsidiaries of Reader's Digest having a claim against any of the Debtors;

e.     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the
Bankruptcy Code as an expense of administration of the Debtors' estates,
**except** any holder of a 503(b)(9) Claim, which claim must be asserted by
filing a proof of claim on or prior to the Claims Bar Date;

f.     any holder of an equity interest in the Debtors need not file a proof of
interest with respect to the ownership of such equity interest at this time;
*provided*, *however*, that that any holder of an equity interest who wishes to
assert a claim against the Debtors, including a claim relating to such
equity interest or the purchase or sale of such interest, must file a proof of
claim asserting such claim on or prior to the Claims Bar Date pursuant to
procedures set forth herein;

g.     any current employee of the Debtors, if an order of this Court authorized
the Debtors to honor such claim in the ordinary course of business as a
wage, commission or benefit; *provided*, *however*, that a current employee
must submit a proof of claim by the Claims Bar Date for all other claims
arising before the Commencement Date, including claims for wrongful
termination, discrimination, harassment, hostile work environment,
retaliation and claims covered by the Debtors' workers' compensation
insurance;

h.     any current officer, director or employee need not file a proof of claim for
claims based on indemnification, contribution or reimbursement;

i.     any customer of the Debtors, if an order of this Court authorized the
Debtors to honor such claim in the ordinary course of business as a
customer program or obligation; *provided*, *however*, that a customer must
submit a proof of claim by the Claims Bar Date if its claim relates to
damages arising from, without limitation, claims for breach of contract,

4

breach of warranty or misrepresentation or any other litigation-related claim;

j.     any holder of a claim against any of the Debtors' non-debtor affiliates; and

k.     any individual holder of a claim for principal, interest and applicable fees and charges on the Debtors' senior subordinated notes or other bond, note or debenture of the Debtors; *provided*, *however*, that any individual holder is required to file a proof of claim for damages in connection with respect to its ownership, purchase or sale of the applicable instrument; *provided*, *further*, that the indenture trustee for the Debtors' senior subordinated notes is required to file a proof of claim.

6.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Bar Date Order, must file a proof of claim based on such rejection on or before the Claims Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Bar Date Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

7.     If the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline.

8.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9.     Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim that is not excepted from the requirements of the Bar Date Order that fails to comply with this Bar Date

Order by timely filing a proof of claim in the appropriate form shall be barred from (a) asserting such claim against the Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan of reorganization filed in these cases on account of such claim and (c) participating in any distribution in these chapter 11 cases on account of such claim.

10. A copy of the notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Claims Bar Date on:

a. the United States Trustee for the Southern District of New York;

b. proposed counsel to the official committee of unsecured creditors;

c. any persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

d. all persons or entities that have filed proofs of claim against the Debtors;

e. all creditors and other known holders of potential claims against the Debtors, including all persons or entities listed in the Schedules;

f. all parties to executory contracts and unexpired leases of the Debtors;

g. the Internal Revenue Service for the district in which the Debtors' cases are pending, the Securities and Exchange Commission and any other governmental units applicable to the Debtors' businesses;

h. counsel to the agent for the Debtors' secured lenders;

i. counsel to the indenture trustee for the Debtors' senior subordinated notes;

j. the United States Attorney for the Southern District of New York;

k. state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

l. the Pension Benefit Guaranty Corporation.

11. The Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the proof of claim form annexed to the Motion as Exhibit B, which is hereby approved, indicating on the form how the Debtors have scheduled such creditor's claim

in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

12.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the Guidelines) in the national editions of *U.S.A. Today* and *The Wall Street Journal* on one occasion at least 25 days prior to the Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Claims Bar Date.

13.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

14.     The Debtors and their Voting and Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

15.     Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Claims Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

16.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

17.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

Date: _____, 2009                    _____
                                           United States Bankruptcy Judge

7

**Exhibit B**

**Proposed Proof of Claim**

K&E 15534015.6

| | |
|---|---|
| **In re The Reader's Digest Association, Inc. et al.** | **Case No. 09-23529**<br>**Jointly Administered** |
| **Name of Debtor** (*specify Debtor name*): | **Case Number** (*specify Case Number*): |

NOTE: This form should not be used to make a claim for an administrative expense (**other than a claim asserted under 11 U.S.C. § 503(b)(9)**) arising after the commencement of the case. A "request" for payment of an administrative expense (**other than a claim asserted under 11 U.S.C. § 503(b)(9)**) may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**If address differs from above, please provide the name and address where notices should be sent:**
Creditor Name:

Telephone: #

Address:

City/St/Zip:

*This Space is for Court Use Only*

Account or other number by which creditor identifies debtor:

Check here if ☐ replaces ☐ amends a previously filed claim, dated _____
this claim

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of  SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)                          (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $ _____   $ _____   $ _____   $ _____
(Unsecured)              (Secured)              (Priority)              (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5, 6 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $ _____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Administrative expenses pursuant to 11 U.S.C. § 503(b)(9)  for the value of any goods received by the Debtors within 20 days before the Petition Date - 11 U.S.C. § 507(a)(2).
☐ Wages, salaries, or commissions (up to $4,650), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(4).
☐ Up to $ 2,100 for deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:**  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  If the supporting documents are in excess of 100 pages, you may attach a summary of them and a list of each document you have relied upon.  DO NOT SEND ORIGINAL DOCUMENTS.

**10. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

*This Space is for Court Use Only*

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

(a)        DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). **Proofs of claims are to be mailed to the RDA Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.**

### Secured Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim)

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

### Items to be completed in Proof of Claim form (if not already filled in)[*]

**Information about Creditor:**  Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any.  If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.  **A blank proof of claim form is available, free of charge at www.kccllc.net/readers**

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed.  If the type of debt is not listed, check "Other" and briefly describe the type of debt.  **If any information provided on this form is incomplete or incorrect, please cross-out the incorrect information and/or provide the correct information.**  If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.
2. **Date Debt Incurred:** Fill in the date when the debt first was owed by the debtor.
3. **Court Judgments:** If you have a court judgment for this debt, state the date the court  entered the judgment.
4. **Total Amount of Claim at Time Case Filed:** Fill in the total amount of the entire claim.  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.
5. **Secured Claim:** Check the appropriate place if the claim is a secured claim.  You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed.  A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).
6. **Unsecured Nonpriority Claim:** Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.)  If your claim is partly secured and partly unsecured, state here the amount that is unsecured.  If part of your claim is entitled to priority, state here the amount **not** entitled to priority.
7. **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.)  A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law.  Check the appropriate place to specify the type of priority claim.
8. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.
9. **Supporting Documents:** You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed.  If the documents are in excess of 100 pages, you may attach a summary of them and a list of each document you have relied upon.  DO NOT SEND ORIGINAL DOCUMENTS.

**Court, Name of Debtor and Case Number:** Fill in the name of the federal judicial district where the bankruptcy case was filed (Southern District of New York), the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| Debtor | Case No. | Debtor | Case No. | Debtor | Case No. | Debtor | Case No. |
|---|---|---|---|---|---|---|---|
| The Reader's Digest Association, Inc. | 09-23529 | Direct Holdings Libraries Inc. | 09-23540 | RD Walking, Inc. | 09-23552 | Retirement Living Publishing Company, Inc. | 09-23564 |
| Reader's Digest Sales and Services, Inc. | 09-20011 | Direct Holdings U.S. Corp. | 09-23541 | RDA Holding Co. | 09-23553 | Saguaro Road Records, Inc. | 09-23565 |
| Alex Inc. | 09-23530 | Funk & Wagnalls Yearbook Corp. | 09-23542 | RDA Sub Co. | 09-23554 | Taste of Home Media Group, Inc. | 09-23566 |
| Allrecipes.com, Inc. | 09-23531 | Gareth Stevens, Inc. | 09-23543 | Reader's Digest Children's Publishing, Inc. | 09-23555 | Taste of Home Productions, Inc. | 09-23567 |
| Ardee Music Publishing, Inc. | 09-23532 | Home Service Publications, Inc. | 09-23544 | Reader's Digest Consumer Services, Inc. | 09-23556 | Travel Publications, Inc. | 09-23568 |
| Christmas Angel Productions, Inc. | 09-23533 | Pegasus Asia Investments Inc. | 09-23545 | Reader's Digest Entertainment, Inc. | 09-23557 | W.A. Publications, LLC | 09-23569 |
| CompassLearning, Inc. | 09-23534 | Pegasus Investment, Inc. | 09-23546 | Reader's Digest Financial Services, Inc. | 09-23558 | WAPLA, LLC | 09-23570 |
| Direct Entertainment Media Group, Inc. | 09-23535 | Pegasus Sales, Inc. | 09-23547 | Reader's Digest Latinoamerica, S.A. | 09-23559 | Weekly Reader Corporation | 09-23571 |
| Direct Holdings Americas Inc. | 09-23536 | Pleasantville Music Publishing, Inc. | 09-23548 | Reader's Digest Sub Nine, Inc. | 09-23560 | Weekly Reader Custom Publishing, Inc. | 09-23572 |
| Direct Holdings Custom Publishing Inc. | 09-23537 | R. D. Manufacturing Corporation | 09-23549 | Reader's Digest Young Families, Inc. | 09-23561 | World Almanac Education Group, Inc. | 09-23573 |
| Direct Holdings Customer Service, Inc. | 09-23538 | RD Large Edition, Inc. | 09-23550 | Reiman Manufacturing, LLC | 09-23562 | World Wide Country Tours, Inc. | 09-23574 |
| Direct Holdings Education Inc. | 09-23539 | RD Publications, Inc. | 09-23551 | Reiman Media Group, Inc. | 09-23563 | WRC Media, Inc. | 09-23575 |

---

[*]    If you disagree with any information provided on this form you may make corrections directly to this form.  You may also download a blank form, free of charge, by visiting www.kccllc.net/readers or by contacting Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, California  90245.

**Exhibit C**

**Proposed Bar Date Notice**

K&E 15534015.6

James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) | Case No. 09-23529 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM**
**ON OR BEFORE NOVEMBER 10, 2009, AND RELATED PROCEDURES FOR**
**FILING PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

TO:      ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED
ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.

The United States Bankruptcy Court for the Southern District of New York (the "***Court***")
has entered an order (the "***Bar Date Order***") establishing **5:00 p.m. prevailing Pacific Time on**
**November 16, 2009** (the "***Claims Bar Date***"), as the last date for each person or entity
(including individuals, partnerships, corporations, joint ventures and trusts) to file a proof of
claim against any of the Debtors listed on page 2 of this notice (collectively, the "***Debtors***").

The Claims Bar Date and the procedures set forth below for filing proofs of claim apply
to all claims against the Debtors that arose prior to August 24, 2009 (the "***Commencement***
***Date***"), the date on which the Debtors commenced cases under chapter 11 of the United States
Bankruptcy Code, *including* parties asserting claims pursuant to section 503(b)(9) of the
Bankruptcy Code (each, a "***503(b)(9) Claim***"), except for those holders of the claims listed
below that are specifically excluded from the Claims Bar Date filing requirement.  In addition,
governmental units have until **5:00 p.m. prevailing Pacific Time on February 20, 2010** (the
date that is 180 days after the order for relief) to file proofs of claim.

---

**A holder of a possible claim against the Debtors should consult an attorney regarding any**
**matters not covered by this notice, such as whether the holder should file a proof of claim.**

---

1

## Debtors in These Chapter 11 Cases

| Debtor Name | Taxpayer ID No. | Case No. |
|---|---|---|
| The Reader's Digest Association, Inc. | 13-1726769 | 09-23529 |
| Alex Inc. | 13-3765531 | 09-23530 |
| Allrecipes.com, Inc. | 91-1693797 | 09-23531 |
| Ardee Music Publishing, Inc. | 13-2852291 | 09-23532 |
| Christmas Angel Productions, Inc. | 13-4062729 | 09-23533 |
| CompassLearning, Inc. | 13-4066536 | 09-23534 |
| Direct Entertainment Media Group, Inc. | 32-0272306 | 09-23535 |
| Direct Holdings Americas Inc. | 13-2861045 | 09-23536 |
| Direct Holdings Custom Publishing Inc. | 13-3867452 | 09-23537 |
| Direct Holdings Customer Service, Inc. | 13-3389015 | 09-23538 |
| Direct Holdings Education Inc. | 13-3765535 | 09-23539 |
| Direct Holdings Libraries Inc. | 13-2537299 | 09-23540 |
| Direct Holdings U.S. Corp. | 32-0134998 | 09-23541 |
| Funk & Wagnalls Yearbook Corp. | 13-3603787 | 09-23542 |
| Gareth Stevens, Inc. | 39-1462742 | 09-23543 |
| Home Service Publications, Inc. | 13-3439525 | 09-23544 |
| Pegasus Asia Investments Inc. | 13-3850077 | 09-23545 |
| Pegasus Investment, Inc. | 13-3864252 | 09-23546 |
| Pegasus Sales, Inc. | 13-1883259 | 09-23547 |
| Pleasantville Music Publishing, Inc. | 13-2852289 | 09-23548 |
| R.D. Manufacturing Corporation | 13-6120230 | 09-23549 |
| RD Large Edition, Inc. | 13-3941489 | 09-23550 |
| RD Publications, Inc. | 13-3439115 | 09-23551 |
| RD Walking, Inc. | 13-3936509 | 09-23552 |
| RDA Holding Co. | 37-1537045 | 09-23553 |
| RDA Sub Co. | 42-1360501 | 09-23554 |
| Reader's Digest Children's Publishing, Inc. | 13-3616326 | 09-23555 |
| Reader's Digest Consumer Services, Inc. | 43-2018469 | 09-23556 |
| Reader's Digest Entertainment, Inc. | 13-3144742 | 09-23557 |
| Reader's Digest Financial Services, Inc. | 13-4177291 | 09-23558 |
| Reader's Digest Latinoamerica, S.A. | 52-1275836 | 09-23559 |
| Reader's Digest Sales and Services, Inc. | 13-1952377 | 09-20011 |
| Reader's Digest Sub Nine, Inc. | 13-4062727 | 09-23560 |
| Reader's Digest Young Families, Inc. | 06-1396158 | 09-23561 |
| Reiman Manufacturing, LLC | 13-4358760 | 09-23562 |
| Reiman Media Group, Inc. | 47-0861192 | 09-23563 |
| Retirement Living Publishing Company, Inc. | 13-3439118 | 09-23564 |
| Saguaro Road Records, Inc. | 32-0272310 | 09-23565 |
| Taste of Home Media Group, Inc. | 47-0861190 | 09-23566 |
| Taste of Home Productions, Inc. | 47-0861193 | 09-23567 |
| Travel Publications, Inc. | 11-2832927 | 09-23568 |
| W.A. Publications, LLC | 13-6120229 | 09-23569 |
| WAPLA, LLC | 13-4199272 | 09-23570 |
| Weekly Reader Corporation | 13-3603780 | 09-23571 |
| Weekly Reader Custom Publishing, Inc. | 13-3783276 | 09-23572 |
| World Almanac Education Group, Inc. | 13-3603781 | 09-23573 |
| World Wide Country Tours, Inc. | 47-0861189 | 09-23574 |
| WRC Media, Inc. | 13-4066536 | 09-23575 |

## Who Must File a Proof of Claim

You <u>MUST</u> file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to Commencement Date, and it is not one of the types of claim described under the heading "Who Need Not File a Proof of Claim" below. Claims based on acts or omissions of the Debtors that occurred before the Commencement Date must be filed on or prior to the Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Commencement Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## What To File

The Debtors are enclosing a proof of claim form for use in these cases; if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. You may utilize the proof of claim form(s) provided by the Debtors to file your claim.

Additional proof of claim forms may be obtained by contacting the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC (the "***Voting and Claims Agent***"), by calling (866) 967–0491, emailing KCC_RDA@kccllc.com. and/or visiting the Debtors' restructuring website at: http://www.kccllc.net/readers.

The following procedures for the filing of proofs of claim asserting claims against the Debtors in these chapter 11 cases shall apply:

a.    Each proof of claim must: (i) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile and telecopy will not be accepted; (ii) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in U.S. currency.

b.    In addition to the requirements in (a) above, any proof of claim asserting a 503(b)(9) Claim must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Commencement Date, (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted and (iii) attach documentation

of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.     Parties who wish to receive proof of receipt of their proofs of claim from the Voting and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

d.     Each proof of claim must specify by name and case number the Debtor against which the claim is filed.  A proof of claim filed under Case No. 09-23529 or that does not identify a Debtor will be deemed as filed only against The Reader's Digest Association, Inc.

e.     If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

### When and Where To File

Each proof of claim must be filed, including supporting documentation, by U.S. mail or other hand delivery system, so as to be *actually* *received* on or before the applicable bar date in accordance with the Bar Date Order by the Voting and Claims Agent at the following address:

| Reader's Digest Claim Processing |
|:---:|
| c/o Kurtzman Carson Consultants LLC |
| 2335 Alaska Avenue |
| El Segundo, California 90245 |

### ANY PROOF OF CLAIM FILED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY FILED.

### Who Need Not File a Proof of Claim

You do not need to file a proof of claim on or prior to the Bar Date if you are:

• any holder of a claim previously allowed by order of the Court;

• any holder of a claim that has already been paid in full;

• any holder of a claim for which a specific deadline has previously been fixed by the Court or otherwise fixed pursuant to this Bar Date Order;

• any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Reader's Digest having a claim against any of the Debtors;

K&E 15534015.6

- any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, **except** any holder of a 503(b)(9) Claim, which claim must be asserted by filing a proof of claim on or prior to the Claims Bar Date;

- any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; _provided_, _however_, that that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

- any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; _provided_, _however_, that a current employee must submit a proof of claim by the Claims Bar Date for all other claims arising before the Commencement Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation and claims covered by the Debtors' workers' compensation insurance;

- any current officer, director or employee need not file a proof of claim for claims based on indemnification, contribution or reimbursement;

- any customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a customer program or obligation; _provided_, _however_, that a customer must submit a proof of claim by the Claims Bar Date if its claim relates to damages arising from, without limitation, claims for breach of contract, breach of warranty or misrepresentation or any other litigation-related claim;

- any holder of a claim against any of the Debtors' non-debtor affiliates; and

- any individual holder of a claim for principal, interest and applicable fees and charges on the Debtors' senior subordinated notes or other bond, note or debenture of the Debtors; _provided_, _however_, that any individual holder is required to file a proof of claim for damages in connection with respect to its ownership, purchase or sale of the applicable instrument; _provided_, _further_, that the indenture trustee for the Debtors' senior subordinated notes is required to file a proof of claim.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

K&E 15534015.6

## Executory Contracts and Unexpired Leases

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [October 5], 2009, the date of entry of the Bar Date Order, you must file a proof of claim by the Claims Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "*Schedules*").

Copies of the Debtors' Schedules are available: (i) from the Voting and Claims Agent by calling (866) 967–0491, emailing KCC_RDA@kccllc.com. and/or visiting the Debtors' restructuring website at: http://www.kccllc.net/readers; (ii) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (iii) for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained through at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408 or 300 Quarropas Street, Room 248, White Plains, New York 10601 or 355 Main Street, Poughkeepsie, New York 12601.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules; however, you may rely on the enclosed proof of claim form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled and specifies whether the claim is disputed, contingent or unliquidated.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent" or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Claims Bar Date in accordance with the procedures set forth in this notice.

K&E 15534015.6

## Consequences of Failure To File a Proof of Claim by the Claims Bar Date

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

Dated: _____, 2009  
    New York, New York

*/s/ Nicole L. Greenblatt*  
James H.M. Sprayregen P.C.  
Paul M. Basta  
Nicole L. Greenblatt  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, New York 10022-4611  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900  

Counsel to the Debtors  
and Debtors in Possession  

BY ORDER OF THE COURT

7