UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) ) ) ) | Case No. 09-23529 (RDD) |
| Debtors. | ) ) | Jointly Administered |

### ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR FILING PROOFS OF CLAIM AND (III) APPROVING NOTICE THEREOF

Upon the motion (the "***Motion***")[1] of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of an order (this "***Bar Date Order***") (i) setting bar dates for creditors to file proofs of claims in these chapter 11 cases, (ii) approving procedures for filing proofs of claim and (iii) approving the form of notice of the bar dates and manner of service thereof; and the Court

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise provided herein, all persons and entities, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose on or prior to August 24, 2009 (the "***Commencement Date***"), including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "***503(b)(9) Claim***"), shall file a written proof of such claim so that it is *actually received* on or before **5:00 p.m. prevailing Pacific Time on November 16, 2009** (the "***Claims Bar Date***") by Kurtzman Carson Consultants LLC (the "***Noticing and Claims Agent***") in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, proofs of claim filed by governmental units must be filed so as to be *actually received* by the Noticing and Claims

Agent before **5:00 p.m. prevailing Pacific Time on February 20, 2010** (the "*Government Bar Date*") in accordance with this Bar Date Order.

4. The following procedures for the filing of proofs of claim asserting claims against the Debtors in these chapter 11 cases shall apply:

   a. Each proof of claim must: (i) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile and telecopy will not be accepted; (ii) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in U.S. currency.

   b. In addition to the requirements in (a) above, any proof of claim asserting a 503(b)(9) Claim must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Commencement Date, (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted and (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable).

   c. Parties who wish to receive proof of receipt of their proofs of claim from the Noticing and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

   d. Each proof of claim must specify by name and case number the Debtor against which the claim is filed. A proof of claim filed under Case No. 09-23529 or that does not identify a Debtor will be deemed as filed only against The Reader's Digest Association, Inc.

   e. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor. To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

   f. Each proof of claim must be filed, including supporting documentation, by U.S. mail or other hand delivery system, so as to be *actually* *received* on or before the applicable bar date in accordance with the Bar Date Order by the Noticing and Claims Agent at the following address:

   > Reader's Digest Claim Processing
   > c/o Kurtzman Carson Consultants LLC
   > 2335 Alaska Avenue
   > El Segundo, California 90245

PROOFS OF CLAIM FILED BY FACSIMILE OR ELECTRONIC MAIL
WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY.

5. The following persons or entities need **not** file a proof of claim in these chapter 11 cases on or prior to the Claims Bar Date:

    a. any holder of a claim previously allowed by order of the Court;

    b. any holder of a claim that has already been paid in full;

    c. any holder of a claim for which a specific deadline has previously been fixed by the Court or otherwise fixed pursuant to this Bar Date Order;

    d. any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Reader's Digest having a claim against any of the Debtors;

    e. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, **except** any holder of a 503(b)(9) Claim, which claim must be asserted by filing a proof of claim on or prior to the Claims Bar Date;

    f. any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, *however*, that that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

    g. any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the Claims Bar Date for all other claims arising before the Commencement Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation and claims covered by the Debtors' workers' compensation insurance;

    h. any current officer, director or employee need not file a proof of claim for claims based on indemnification, contribution or reimbursement;

    i. any customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a customer program or obligation; *provided*, *however*, that a customer must submit a proof of claim by the Claims Bar Date if its claim relates to damages arising from, without limitation, claims for breach of contract,

4

K&E 15625642.

        breach of warranty or misrepresentation or any other litigation-related claim;

    j.    any holder of a claim against any of the Debtors' non-debtor affiliates; and

    k.    any individual holder of a claim for principal, interest and applicable fees and charges on the Debtors' senior subordinated notes or other bond, note or debenture of the Debtors; *provided*, *however*, that any individual holder is required to file a proof of claim for damages in connection with respect to its ownership, purchase or sale of the applicable instrument; *provided*, *further*, that the indenture trustee for the Debtors' senior subordinated notes is required to file a proof of claim.

6.    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Bar Date Order, must file a proof of claim based on such rejection on or before the Claims Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Bar Date Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

7.    If the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline.

8.    Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim that is not excepted from the requirements of the Bar Date Order that fails to comply with this Bar Date

5

K&E 15625642.

Order by timely filing a proof of claim in the appropriate form shall be barred from (a) asserting such claim against the Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan of reorganization filed in these cases on account of such claim and (c) participating in any distribution in these chapter 11 cases on account of such claim.

10. A copy of the notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Claims Bar Date on:

    a. the United States Trustee for the Southern District of New York;

    b. proposed counsel to the official committee of unsecured creditors;

    c. any persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

    d. all persons or entities that have filed proofs of claim against the Debtors;

    e. all creditors and other known holders of potential claims against the Debtors, including all persons or entities listed in the Schedules;

    f. all parties to executory contracts and unexpired leases of the Debtors;

    g. the Internal Revenue Service for the district in which the Debtors' cases are pending, the Securities and Exchange Commission and any other governmental units applicable to the Debtors' businesses;

    h. counsel to the agent for the Debtors' secured lenders;

    i. counsel to the indenture trustee for the Debtors' senior subordinated notes;

    j. the United States Attorney for the Southern District of New York;

    k. state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

    l. the Pension Benefit Guaranty Corporation.

11. The Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the proof of claim form annexed to the Motion as Exhibit B, which is hereby approved, indicating on the form how the Debtors have scheduled such creditor's claim

in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

12. Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the Guidelines) in the national editions of *U.S.A. Today* and *The Wall Street Journal* on one occasion at least 25 days prior to the Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Claims Bar Date.

13. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

14. The Debtors and their Noticing and Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

15. Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Claims Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

16. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

17. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

Date:  October 7, 2009                     /s/Robert D. Drain
                                           United States Bankruptcy Judge

K&E 15625642.