**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE READER'S DIGEST ASSOCIATION, INC., *et al.*, | ) Case No. 09-23529 (RDD) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## FINAL ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS, (B) MAINTAIN EXISTING INVESTMENT PRACTICES, (C) CONTINUE INTERCOMPANY TRANSACTIONS AND (D) PROVIDE POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY

Upon the motion (the "***Motion***")[1] of The Reader's Digest Association, Inc. ("***Reader's Digest***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of a final order (the "***Final Order***") authorizing the

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning, Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 1 Reader's Digest Road, Pleasantville, NY 10570.

Debtors to (a) continue using their existing cash management system, bank accounts and business forms, (b) maintain their existing investment practices, (c) continue performing ordinary course intercompany transactions and (d) provide postpetition intercompany claims administrative expense priority; and upon the Declaration of Thomas A. Williams, Chief Financial Officer and Senior Vice President of The Reader's Digest Association, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings, and the Declaration of Stephen A. Ruiz in Support of Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (a) Continue Using Their Existing Cash Management System, Bank Accounts and Business Forms, (b) Maintain Existing Investment Practices, (c) Continue Intercompany Transactions and (D) Provide Postpetition Intercompany Claims Administrative Expense Priority; and the Court having entered an order approving the Motion on an interim basis on August 26, 2009 [Docket No. 28] (the "***Interim Order***"); and the Court having entered a second order approving the Motion on an interim basis on November 3, 2009 [Docket No. 221]; and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion, the objection thereto by the United States Trustee and the Debtors' response thereto; and upon the record of the November 20, 2009 final hearing on the (the "***Hearing***"); and the Court having found that the relief requested in the Motion and granted herein on a final basis is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion

and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized to continue using their integrated cash management system to the extent set forth herein (the "***Cash Management System***").

3.      The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Commencement Date, including, without limitation, those accounts identified on <u>Exhibit C</u> to the Motion (the "***Bank Accounts***"); (b) use, in its present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Chapter 11 petition date, without reference to their status as debtors in possession; *provided, however,* that as soon as practicable after the Chapter 11 petition date, the Debtors will note their status as "debtors in possession" on printed checks, check stock and trade creditor invoices, if any, that are electronically printed; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

4.      The requirements of section 345 of the Bankruptcy Code are hereby waived to the limited extent necessary to allow the Debtors to maintain certain Bank Accounts with financial institutions outside the United States as identified on the record at the Hearing.

5.      Except as otherwise expressly provided in this Final Order, all banks at which the Bank Accounts are maintained (collectively, the "***Banks***") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and

pay any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Commencement Date by the holders or makers thereof, as the case may be; *provided that* the Banks shall not be liable to any party on account of (a) following the Debtors instructions or presentations as to any order of the Court, (b) the honoring of any prepetition checks, drafts, wires or ACH transfers in a good faith belief that the Court has authorized such prepetition check, draft, wire or ACH transfer or (c) an innocent mistake made despite implementation of reasonable handling procedures.

6.      The Banks are authorized to charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with Debtors.  The Debtors shall reimburse the Banks for any claim arising prior to or after the Chapter 11 petition date in connection with any returned items to the Bank Accounts in the normal course of business.

7.      The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided, however*, that the Debtors may open a new bank account only with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

8.      The Debtors are authorized, but not required, to continue their Investment Practices, *provided*, *however*, that the Debtors will not invest in any vehicle other than directly in U.S. Treasury Securities or in banking institutions that are designated as authorized depositories by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Financial Reporting Requirements for Debtors in Possession and Trustees.

9. The Debtors are authorized, but not required, to continue performing under and honoring the Intercompany Transactions (as described and defined in the Motion); *provided, however,* that any such transfer must be permitted under the terms of the DIP Facility and the Debtors shall keep records of any postpetition intercompany transfers and services that occur during the chapter 11 cases.

10. The Debtors shall maintain accurate books and records with respect to intercompany transfers, including, without limitation, loans and investments made to domestic and foreign subsidiaries of Reader's Digest. Intercompany obligations among the Debtors shall be superpriority unsecured claims of the applicable Debtor; provided that such superpriority unsecured intercompany claims shall be subordinate and subject to the prior payment in full, in cash of the obligations arising under the DIP Facility to the agent and the DIP Facility lenders and the 507(b) Claims of the prepetition secured lenders (and may not be enforced or collected prior thereto) and may be subject to compromise pursuant to a chapter 11 plan of reorganization.

11. The Debtors are authorized to direct the Banks, and the Banks are authorized and directed, to pay obligations in accordance with this or any separate order of this Court.

12. Except as otherwise provided in this Final Order or in a separate order of this Court, all Banks provided with notice of this Final Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Commencement Date.

13. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

14. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or

priority of any claim against the Debtors or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

15.     Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of the Debtors or any statutory committee appointed in these chapter 11 cases, or shall impair the ability of the Debtors or any statutory committee appointed in these chapter 11 cases, to contest the validity and amount of any payment made pursuant to this Final Order.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated:  White Plains, New York          /s/Robert D. Drain
            November 20, 2009              United States Bankruptcy Judge