James H.M. Sprayregen P.C.
Paul M. Basta
Nicole L. Greenblatt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE READER'S DIGEST ASSOCIATION, INC., et al.,[1] | ) ) | Case No. 09-23529 (RDD) |
| Reorganized Debtors. | ) ) | |
| | ) | Jointly Administered |

**NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF CHAPTER 11 PLAN OF REORGANIZATION**

1. **Confirmation of the Plan.** On January 19, 2010, the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*") entered the *Findings of Fact, Conclusions of Law and Order* (the "*Confirmation Order*") [Docket No. 574] confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of The Reader's Digest Association, Inc. and Its Debtor Affiliates* [Docket No. 310] (as amended from time to time, the "*Plan*").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alex Inc. (5531); Allrecipes.com, Inc. (3797); Ardee Music Publishing, Inc. (2291); Christmas Angel Productions, Inc. (2729); CompassLearning,Inc. (6535); Direct Entertainment Media Group, Inc. (2306); Direct Holdings Americas Inc. (1045); Direct Holdings Custom Publishing Inc. (7452); Direct Holdings Customer Service, Inc. (9015); Direct Holdings Education Inc. (5535); Direct Holdings Libraries Inc. (7299); Direct Holdings U.S. Corp. (4998); Funk & Wagnalls Yearbook Corp. (3787); Gareth Stevens, Inc. (2742); Home Service Publications, Inc. (9525); Pegasus Asia Investments Inc. (0077); Pegasus Investment, Inc. (4252); Pegasus Sales, Inc. (3259); Pleasantville Music Publishing, Inc. (2289); R.D. Manufacturing Corporation (0230); RD Large Edition, Inc. (1489); RD Publications, Inc. (9115); RD Walking, Inc. (6509); RDA Holding Co. (7045); RDA Sub Co. (0501); Reader's Digest Children's Publishing, Inc. (6326); Reader's Digest Consumer Services, Inc. (8469); Reader's Digest Entertainment, Inc. (4742); Reader's Digest Financial Services, Inc. (7291); Reader's Digest Latinoamerica, S.A. (5836); Reader's Digest Sales and Services, Inc. (2377); Reader's Digest Sub Nine, Inc. (2727); Reader's Digest Young Families, Inc. (6158); Reiman Manufacturing, LLC (8760); Reiman Media Group, Inc. (1192); Retirement Living Publishing Company, Inc. (9118); Saguaro Road Records, Inc. (2310); Taste of Home Media Group, Inc. (1190); Taste of Home Productions, Inc. (1193); The Reader's Digest Association, Inc. (6769); Travel Publications, Inc. (2927); W.A. Publications, LLC (0229); WAPLA, LLC (9272); Weekly Reader Corporation (3780); Weekly Reader Custom Publishing, Inc. (3276); World Almanac Education Group, Inc. (3781); World Wide Country Tours, Inc. (1189); WRC Media, Inc. (6536). The location of the Debtors' corporate headquarters is: 1 Reader's Digest Road, Pleasantville, NY 10570.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Plan and Confirmation Order.

2.      **Effective Date.** On **February 19, 2010**, pursuant to satisfaction of the conditions set forth in Article IX of the Plan, the Effective Date of the Plan occurred, and the Plan was substantially consummated.

3.      **Discharge of Debtors.** Pursuant to and to the fullest extent authorized or provided by section 1141(d) of title 11 of the U.S. Code (the "*Bankruptcy Code*"), except as otherwise provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, on the latest to occur of (a) the Effective Date, (b) the entry of a Final Order resolving all Claims in the Chapter 11 Cases and (c) the final distribution made to Holders of Allowed Claims pursuant to Article VII of the Plan, all Claims and Equity Interests in the Debtors are discharged and released in full. Accordingly, all persons and entities shall be precluded from asserting against the Debtors, their successors or assigns, including, without limitation, the Reorganized Debtors, their agents and employees or their respective assets, properties or interests in property, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts or legal bases therefor were known or existed prior to the Effective Date regardless of whether a proof of Claim or Equity Interest was filed.

4.      **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, each of the Debtors' Executory Contracts and Unexpired Leases has been deemed assumed as of the Effective Date *except* any Executory Contract or Unexpired Lease (a) previously assumed or rejected by the Debtors during these Chapter 11 Cases, (b) identified on the Contract/Lease Schedule filed with the Bankruptcy Court (as supplemented from time to time, the "*Contract/Lease Rejection Schedule*")[3] as an Executory Contract or Unexpired Lease designated for rejection or (c) which is the subject of a separate motion or notice to reject filed by the Debtors and pending as of the Effective Date.

On December 16, 2009 the Debtors filed the Contract/Lease Assumption Schedule[4] identifying those contracts and leases to be assumed pursuant to the Plan and the respective Cure amounts. Any provisions or terms of the Debtors' Executory Contracts or Unexpired Leases to be assumed pursuant to the Plan that are, or may be, alleged to be in default, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, through the payment of the Cure amounts set forth on the Contract/Lease Assumption Schedule, or by an agreed-upon waiver of Cure, to be paid on or as soon as reasonably practicable after the Effective Date; *provided, however*, that notwithstanding the foregoing, the Debtors will continue to honor all postpetition and post-Effective Date obligations under any assumed Executory Contracts and Unexpired Leases in accordance with their terms, regardless of whether such obligations are listed as a Cure amount, and payment of Cure shall not be deemed to release the Debtors from such obligations.

On December 16, 2010, the Debtors filed the Contract/Lease Rejection Schedule identifying those contracts and leases to be rejected pursuant to the Plan. Unless otherwise provided by the Plan, the Confirmation Order, or any other order of the Court, all Proofs of

---

[3] *See* Schedule of Executory Contracts and Unexpired Leases Proposed to be Rejected Pursuant to the Plan (as supplemented from time to time, the "*Contract/Lease Rejection Schedule*") [Docket Nos. 367, 465, 562, 657].

[4] *See* Schedule of Executory Contracts and Unexpired Leases Proposed to be Assumed Pursuant to the Plan [Docket Nos. 366, 465, 561] (as supplemented from time to time, the "*Contract/Lease Assumption Schedule*").

K&E 16196334.15

Claim arising from the rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise must be filed by Holders of such Claims, together with accompanying documentation, with the Bankruptcy Court and served on the Debtors' Noticing and Claims Agent retained in these chapter 11 cases, Kurtzman Carson Consultants LLC ("*KCC*"), at Reader's Digest Claim Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245 **no later than March 24, 2010**, and must comply with the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable order of the Court for such Holders to be entitled to receive distributions under the Plan on account of such Claims.

ANY CLAIMS ARISING FROM THE REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE FOR WHICH PROOFS OF CLAIM ARE NOT TIMELY FILED WILL BE FOREVER BARRED FROM ASSERTION AGAINST THE DEBTORS, THEIR ESTATES AND PROPERTY OR THE REORGANIZED DEBTORS, UNLESS OTHERWISE ORDERED BY THE BANKRUPTCY COURT OR OTHERWISE PROVIDED BY THE PLAN.

5.  **Bar Date for Administrative Claims.** Unless otherwise provided by the Plan, the Confirmation Order, or any other applicable order of the Court, all requests for payment of an Administrative Claim that accrued on or before the Effective Date that were not otherwise accrued in the ordinary course of business must be filed with the Bankruptcy Court and served on the Debtors **no later than April 24, 2010** (the "*Administrative Claim Bar Date*"). The Reorganized Debtors, in their sole and absolute discretion, may settle and pay any Administrative Claim in the ordinary course of business without any further notice to or action, order or approval of the Bankruptcy Court. The Reorganized Debtors may also choose to object to any Administrative Claim no later than ninety (90) days after the Administrative Claim Bar Date, subject to extensions for cause by the Bankruptcy Court or on motion of a party in interest made before the expiration of the Administrative Claim Bar Date and approved by the Bankruptcy Court. Unless the Debtors or Reorganized Debtors (or other party with standing) object to a timely-filed and properly served Administrative Claim, such Administrative Claim will be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors (or other party with standing) object to an Administrative Claim, the parties may confer to try to reach a settlement and, failing that, the Bankruptcy Court will determine whether such Administrative Claim should be Allowed and, if so, in what amount.

6.  **Deadline for Professional Fee Claims.** All final requests for Professional Compensation and Reimbursement Claims, including those for Substantial Contribution Compensation and Expenses for services rendered before the Effective Date must be filed with the Bankruptcy Court and served on the Debtors **no later than April 8, 2010**, and must comply with the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable order of the Court.

7. **Access to Court Documents.** The Confirmation Order, the Plan, copies of the documents included in the Plan or any other document filed in these chapter 11 cases are available (a) at the Debtors' expense upon request to KCC by (i) mailing Reader's Digest Claim Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (ii) calling (866) 967-0491, (iii) emailing kcc_rda@kccllc.com or (iv) visiting the Debtors' restructuring website at http://www.kccllc.net/readers; or (b) for a fee, via PACER by visiting http://www.nysb.uscourts.gov.

Dated: February 22, 2010　　　　/s/ Nicole L. Greenblatt
　　　　New York, New York　　　　James H.M. Sprayregen P.C.
　　　　　　　　　　　　　　　　　Paul M. Basta
　　　　　　　　　　　　　　　　　Nicole L. Greenblatt
　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　　New York, New York 10022-4611
　　　　　　　　　　　　　　　　　Telephone:　(212) 446-4800
　　　　　　　　　　　　　　　　　Facsimile:　(212) 446-4900

　　　　　　　　　　　　　　　　　Counsel to the Reorganized
　　　　　　　　　　　　　　　　　Debtors and Debtors in Possession

---

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, PLEASE CONTACT THE RESTRUCTURING HOTLINE AT (866) 967-0491**

---